The opinion of the Court was delivered by
G-loyek, J.
The action was trover, brought by the plaintiff as administrator of William Estes, to recover damages for the conversion of certain slaves, alleged to have been in possession of the intestate, in his lifetime, and to have been *365 converted after bis death. The verdict was for the defendant, and O’Neall, J., on circuit having decided that the plaintiff was liable for costs de bonis propriis, a motion is made in this Court to reverse the decision on the ground, “ that the plaintiff sued in “his representative character on a cause of action which arose in the lifetime of his intestate, and he is therefore not liable for defendant’s costs.”
The rule seems to have been long and well settled, that where an executor or administrator brings an action in which he need not name himself in his representative character, and fail, he shall pay costs, (Jenkins vs. Plombe, 6 Mod. 91,) and his naming himself executor or administrator shall not exempt him from it. The same rule has been adopted in South Carolina and has been followed since 1798. (Frink & Co. ads. Luyton, 2 Bay. 166; Jamison vs. Lindsay, 1 Bail. 79) Our next inquiry is, was the plaintiff bound to sue in his representative character. In Kerby vs. Quinn, (Rice. 264,) it was held, that an administrator who has never had possession of the goods of his intestate, may maintain trover in his own name for a conversion after the death of the testator, his letters of administration being the evidence of his title; and in Farley vs. Farley, (2 Bail. 319,) the plaintiff having declared in trover for a conversion in the lifetime of his intestate, and in a second count, for a conversion after his death, after a verdict-for the defendant it was decided that the plaintiff was liable for the costs on the second count de bonis propriis. Where executors or administrators in good faith and with such information as they may reasonably rely upon to establish their rights, commence suits in their representative characters, or in their own names to establish those rights, another rule ’ apparently more just and equitable, may be suggested. We are not prepared however, for the reasons urged, to reverse the judgment of the circuit judge, which conforms to a rule so long settled and acted upon ; — and in reply to the argument in support of an alteration of the law in this respect, the *366 language of Lord Kenyon is appropriate. “ The rule in favor of executors and administrators is sufficiently extensive. We all of us remember, actions improperly'brought by them and which,'perhaps, would not have been brought had it not been for the privilege .they havehf being exempt'from paying costs.” Without some salutary restraint the assets of an'estate may be considerably wasted by the legal representative in fruitless litigation.
Motion dismissed.
O’Nball, Wardlaw, Whitner and Munro, JJ., concurred.

Motion dismissed.